The document below is hereby signed.

Signed: December 13, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ROBERT LEE JAMES, JR.,         )    Case No. 19-00680
                               )    (Chapter 13)
            Debtor.            )    Not for publication in
                               )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING MOTION TO WAIVE APPEAL FEES

The debtor has filed a notice of appeal (Dkt. No. 33) of this court's Order Granting Relief from Automatic Stay (Dkt. No. 27) and a motion (Dkt. No. 34) to waive the filing fee for the notice of appeal. The court will deny the debtor's request for waiver without prejudice to the debtor's right to renew his request with the district court.[1] The debtor is not entitled to

---

[1] An appeal to the district court is taken in the same manner as an appeal in a civil action to the court of appeals from the district court. 28 U.S.C. § 158(c)(2). Accordingly, as in the case of an appeal from the district court to the court of appeals, the debtor is free to seek relief from the district court, as the appellate court, to appeal _in forma pauperis_ even though this court denies such relief. _See Wooten v. District of Columbia Metropolitan Police Dept._, 129 F.3d 206, 207 (D.C. Cir. 1997) ("Under Rule 24(a), if a district court denies a litigant leave to appeal _in forma pauperis_, the litigant may file a motion in the court of appeals to proceed in that status within 30 days after service of notice of the district court's action.").

leave to proceed *in forma pauperis*, whether under 28 U.S.C. § 1915(a)(1) or 28 U.S.C. § 1930(f)(3).

I

In relevant part, 28 U.S.C. § 1915(a)(1) provides that "any court of the United States may authorize the . . . defense of any . . . proceeding . . . or appeal therein, without prepayment of fees" if the party is indigent.[2]  I will deny relief under this provision.

A.

First, § 1915(a)(1) requires the appellant to "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is

---

[2]  A bankruptcy court is a unit of the district court, which is a "court of the United States" as defined in 28 U.S.C. § 451, and the bankruptcy court, by way of referral under 28 U.S.C. § 157, exercises the district court's jurisdiction under 28 U.S.C. § 1334 (and no other jurisdiction).  Accordingly, a bankruptcy court has the authority to issue in bankruptcy cases orders which by statute may be granted by the district court in bankruptcy cases as a "court of the United States."  *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2008) (the bankruptcy court "is a unit of the district court, which is a 'court of the United States,' and thus the bankruptcy court comes within the scope of § 451.").  Although *Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 893-96 (9th Cir. 1992), and other decisions have held that a bankruptcy court lacks authority to waive filing fees under 28 U.S.C. § 1915(a), those decisions, as recognized by *Schaefer Salt Recovery, Inc.*, and by this court in *In re McGuirl*, 2001 WL 1798478 (Bankr. D.D.C. Nov. 30, 2001), are unpersuasive.

entitled to redress." The debtor has failed to comply with this requirement. He has not even filed schedules in this bankruptcy case showing his assets and debts, and his income and expenses, despite the passage of 58 days since he filed the petition commencing the case on October 15, 2019.[3]

### B.

Second, under 28 U.S.C. § 1915(a)(3), an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Pursuant to § 1915(a)(3), the court must deny any application to pursue an appeal *in forma pauperis* if the appellant identifies no issue the appellant would pursue on appeal that has an arguable basis in law and fact (the test for ascertaining whether the appeal is pursued in good faith). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007); *Sills v. Bureau of Prisons*, 761 F.2d 792, 794-95 (D.C. Cir. 1985). The debtor's motion does not identify any issue he intends to pursue on appeal. As discussed below, the appeal presents no issue the debtor could pursue on appeal that has an

---

[3] The case has become subject to automatic dismissal under 11 U.S.C. § 521(i), upon request of a party in interest, based on the debtor's failure within 45 days after the commencement of the case to file schedules and other documents required by 11 U.S.C. § 521(a)(1). Independently, the case is being dismissed for another reason, the debtor's failure to comply with 11 U.S.C. § 109(h).

arguable basis in law and fact. Accordingly I certify that the appeal is not pursued in good faith. It follows that § 1915(a)(3) bars the debtor from obtaining leave under § 1915(a)(1) to pursue the appeal *in forma pauperis*.[4]

    1. *The Ruling Regarding the Effect of § 362(c)(3)(A)*. The court's order being appealed addressed a motion filed by Franklin Credit Management Corporation to permit eviction proceedings to proceed with respect to property, formerly owned by the debtor, that Franklin Credit had purchased at a ratified foreclosure sale. The order being appealed decreed:

> that the automatic stay imposed by 11 U.S.C. § 362(a) has terminated under 11 U.S.C. section 362(c)(3) and, if it is has not, it is TERMINATED to enable Movant and/or its successors and assigns to avail itself of its rights under the Deed of Trust, Promissory Note, and state law, including but not limited to the continuation of eviction proceedings against the real property known as 3337 5th Street, S.E., Washington, District of Columbia 20032, and to allow the successful purchaser to obtain possession of same.

The debtor's prior case, Case No. 19-00018, was dismissed on April 26, 2019. With a prior case having been dismissed within a

---

[4] When an appellant from the district court fails to obtain leave to proceed without prepaying the filing fee, the court of appeals proceeds to dismiss the appeal unless the filing fee is promptly paid. *See Wooten v. District of Columbia Metro. Police Dept.*, 129 F.3d 206, 208 (D.C. Cir. 1997). By reason of 28 U.S.C. § 158(c)(2), directing that appeals from the bankruptcy court are to be taken in like fashion, failure to pay the filing fee—when an appellant from a Bankruptcy Court order is not granted leave to appeal without prepayment of the filing fee—should similarly lead to dismissal. In any event, even when an appellant pays the appeal fees, 28 U.S.C. § 1915(e)(2)(B)(i) requires dismissal if the appeal is frivolous or malicious.

year of the filing of this case, 11 U.S.C. § 362(c)(3)(A) required that the automatic stay of 11 U.S.C. § 362(a) "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing" of the petition in this case. Accordingly, the automatic stay of § 362(a)(1) of continuation of the eviction proceeding against the debtor, an action taken with respect to the property that had secured the debt owed to Franklin Credit, was plainly no longer in effect, regardless of how broadly you interpret § 362(c)(3)(A).[5] Moreover, the property was neither property of the debtor nor property of the estate as the ratified foreclosure sale had divested the debtor of title prior to the commencement of the case. Accordingly, neither any stay under § 362(a) of certain acts against the debtor nor the stay under § 362(a) of certain acts against property of the debtor or property of the estate applied. As to this conclusion, there is no issue the debtor could pursue on appeal that has an arguable basis in law and fact, and accordingly the appeal is not pursued in good

---

[5] The better view is that the automatic stay expires in its entirety under § 362(c)(3)(A) and not only with respect to acts against the debtor or the debtor's property. *See Smith v. Maine Bureau of Revenue Serv's (In re Smith)*, 910 F.3d 576, 578 (1st Cir. 2018); *In re Akwa*, Case No. 15-26914-PM, 2016 WL 67219, at *1 (Bankr. D. Md. Jan. 5, 2016). *But see, e.g., In re Wood*, 590 B.R. 120 (Bankr. D. Md. 2018) (stay does not expire with respect to property of the estate).

5

faith.

    2.  *The Alternative Ruling that Cause Existed to Grant Relief From the Automatic Stay*.  Even if the automatic stay had not terminated under § 362(c)(3)(A), cause plainly existed to lift the automatic stay.  The docket of the foreclosure proceeding in the Superior Court, *Franklin Credit Management Corporation vs. Shirley James, et al.*, Case No. 2014 CA 003944 R(RP), reflects that on October 20, 2017, an order was entered granting the motion to ratify the foreclosure sale.  The purchaser at the foreclosure sale is entitled under nonbankruptcy law to proceed to obtain possession of the property.  Other than the automatic stay, there is no provision in the Bankruptcy Code that empowers a debtor to alter that nonbankruptcy law entitlement.  "The automatic stay is a temporary stay pending a determination of whether there is cause to lift the stay, and such cause includes there being, as here, no reason under the Bankruptcy Code to keep the automatic stay in place."  *In re Horton*, 595 B.R. 1, 2 (Bankr. D.D.C. 2019).  The debtor cannot articulate any reason under the Bankruptcy Code to keep the automatic stay in place, and cause was therefore established to grant relief from the automatic stay under 11 U.S.C.

§ 362(d)(1).[6] As to this conclusion, there is no issue the debtor could pursue on appeal that has an arguable basis in law and fact, and accordingly the appeal is not pursued in good faith.

## II

Nor is the debtor entitled to pursue her appeal *in forma pauperis* under 28 U.S.C. § 1930(f)(3). Section 1930(f)(3) provides authorization for a bankruptcy judge's "waiving, in accordance with Judicial Conference policy, fees prescribed undert this section . . . ." Under the Judicial Conference policy regarding fee waivers, 4 Guide to Judiciary Policy § 820 (Apr. 10, 2018),[7] fees for filing a notice of appeal[8] "may be waived, in the discretion of the court, for an individual debtor

---

[6] Indeed, the debtor's failure for more than 45 days to file schedules and other documents required by 11 U.S.C. § 521(a)(1) (with the result that this case is subject to automatic dismissal, upon the request of a party in interest under 11 U.S.C. § 521(i)) demonstrates that the case was filed in bad faith solely in an attempt to secure the benefit of the automatic stay. The debtor has not even filed a Chapter 13 plan in an attempt to pursue the tools available via a Chapter 13 plan for obtaining relief regarding the debts he owes.

[7] The *Bankruptcy Case Policies* are available at:

https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies

[8] One of the fees for filing an appeal is imposed by 28 U.S.C. § 1930(c) and another fee for filing an appeal is prescribed under item 14 of the Miscellaneous Fee Schedule adopted pursuant to § 1930(b). Accordingly, those fees are, within the meaning of § 1930(f)(3), "fees prescribed under this section."

7

whose filing fee has been waived, or for whom the totality of circumstances during the pendency of it is the case and appeal warrant such waiver upon request." The debtor is not an individual debtor whose filing fee regarding the debtor's petition commencing the bankruptcy case has been waived (such a waiver being available only in a Chapter 7 case). Nor is a waiver of the appeal fees warranted based on the totality of the circumstances. As already noted, the bankruptcy case appears to have been filed in bad faith, and even if the bankruptcy case was pursued in good faith, the appeal itself is not taken in good faith because there are no plausible issues the debtor could raise on appeal. In these circumstances, I decline to grant a waiver of the fees. Indeed, it would be an abuse of discretion to grant a waiver pursuant to § 1930(f)(3) of appeal fees when the court has concluded that § 1915(a)(3) bars a waiver under § 1915(a) because the appeal is not pursued in good faith.

                                III

In accordance with the foregoing, it is

ORDERED that the debtor's motion (Dkt. No. 34) to waive the fees for filing the notice of appeal is DENIED without prejudice to renewal of the debtor's request in the district court. It is further

ORDERED that the clerk shall transmit a copy of this order to the clerk of the district court so that the district court is

8

aware of the debtor's failure to comply with Rule 8003(a)(3)(c), which requires that a notice of appeal be accompanied by the prescribed fee.

[Signed and dated above.]

Copies to: E-recipients; all entities on BNC mailing list.